COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


RICHARD A. SPITZER

v.   Record No. 0145-97-4                    MEMORANDUM OPINION[*]
                                                PER CURIAM
THE FRIED COMPANY AND                          MAY 27, 1997
 UNITED STATES FIRE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              (David Rosenblum; Rosenblum and Rosenblum, on
              brief), for appellant.

              (John K. Coleman; Slenker, Brandt, Jennings &
              Johnston, on brief), for appellees.


     Richard A. Spitzer (claimant) contends that the Workers'

Compensation Commission (commission) erred in finding that The

Fried Company (Fried) was not claimant's statutory employer at

the time of his industrial injury on November 18, 1994.  Upon

reviewing the record and the briefs of the parties, we conclude

that this appeal is without merit.  Accordingly, we summarily

affirm the commission's decision.  Rule 5A:27.

     Claimant was employed by Patrick M. Furlow t/a Sign Graphics

South (Furlow).  Furlow builds and installs signs.  In its

capacity as a property management corporation, Fried was involved

in the construction and leasing of a shopping center being built

by Frontier Joint Limited Partnership (Frontier).  Fried hired

Furlow to build and install a sign advertising the availability

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

of space within the shopping center.  Claimant sustained an injury by accident while working with this sign on the shopping center premises on November 18, 1994.  Claimant filed a claim for benefits, naming Fried as his employer.

The commission denied claimant's application, holding that he failed to prove that the construction and installation of advertising signs was part of Fried's trade, business, or occupation.  In so holding, the commission made the following findings:

> Fried clearly has certain obligations in connection with the building and leasing of the shopping center which would include the advertising of available space.  However, it has no employees of its own which engage in the actual building of signs.  Rather, all advertising is contracted.  If we accept counsel's reasoning, then employees of a newspaper or other advertising medium utilized by Fried might be considered its statutory employees.  Here, it did nothing more than contract with a company which built signs.  Fried exercised no control over the means by which Furlow built or installed the signs.  It only approved the end result before payment.  In this regard, we note the involvement of Fried's employee, Rose Jones, in the placement of advertising signs on the property.  However, we find that Jones' responsibility was nothing more than assuring that the signs and their placement complied with the wishes of her employer.

In Shell Oil Co. v. Leftwich, 212 Va. 715, 187 S.E.2d 162 (1972), the Supreme Court set forth the test this Court must use in determining whether claimant was engaged in Fried's trade, business, or occupation:

> "[T]he test is not one of whether the subcontractor's activity is useful,

2

necessary, or even absolutely indispensable to the statutory employer's business, since, after all, this could be said of practically any repair, construction or transportation service. The test (except in cases where the work is obviously a subcontracted fraction of a main contract) is whether this indispensable activity is, in the business, normally carried on through employees rather than independent contractors."

Id. at 722, 187 S.E.2d at 167. Here, no evidence showed that Fried normally installed and maintained leasing signs through its own employees.[1] Thus, although Furlow's work may have been useful or necessary to Fried's business, because Fried did not perform such work through its own employees, the commission did not err in finding that Furlow's activity was not part of Fried's trade, business, or occupation. Accordingly, the commission did not err in finding that Fried was not claimant's statutory employer.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>

---

[1]In addition, no evidence showed that the work performed by Furlow was a subcontracted fraction of the main contract between Fried and Frontier.

3